IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Dennis Aguilar
and all those similarly situated,

      Plaintiffs,

v.

United JM Corporation, Julio Alvarez individually,
and Luis David Hernandez Cruz individually

      Defendant.

CLASS REPRESENTATION
COLLECTIVE ACTION REPRESENTATION

Case No.

---

### COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FLSA AND CLASS ACTION COMPLAINT FOR UNPAID WAGES

Plaintiff, Dennis Aguilar, individually and on behalf of all others similarly situated, sues the above captioned Defendants, United JM Corporation, Julio Alvarez and Luis David Hernandez Cruz, for violations of the Fair Labor Standards Act and for violations of Florida Law and Breach of Contract for failing to pay earned but unpaid wages.

### INTRODUCTION

1. Plaintiff alleges on behalf of himself and other current and former day laborers of Defendants who elect to opt in to this action pursuant to 29 U.S.C. 216(b) that they are entitled to unpaid minimum and overtime wages due to the failure to pay complete wages over the last three years.

2. Plaintiff alleges, pursuant to Florida Rule of Civil Procedure 1.220, on behalf of himself and a class of other similarly situated current and former day laborers of Defendants that they are entitled to unpaid wages under Florida Law and/or Breach of Contract for their

        unpaid wages due to Defendants' failure to tender pay for hours worked.

3. Plaintiff, and those similarly situated, are entitled to their minimum and overtime wages plus an equal amount in liquidated damages, unpaid wages, and reasonable attorneys' fees and costs.

4. Plaintiff and other day laborers have made several attempts to resolve his pay issues with Defendants but have been completely ignored thus making this complaint necessary.

**PARTIES**

5. Plaintiff, Dennis Aguilar, resides in Miami-Dade County, Florida.  He began working for Defendant in 2021.  At all times relevant, he was employed within the meaning of the Fair Labor Standards Act and Florida Statute 448.07(1).  Plaintiff and those similarly situated worked construction for Defendants at various jobsites. They performed job duties such as carpentry forming, demolition, and rebar work.  Plaintiff also logged materials, hours, and helped direct other workers .

6. Defendant, United JM Corporation ("United"), is a Florida Corporation with its principle place of business in Miami, Florida.

7. Defendant Julio Alvarez is believed to be the owner and licensed contractor in charge of United.  As the licensed contractor, Mr. Alvarez is responsible for the hiring and payment of all workers on his job sites.

8. United acts as a general contractor and performs construction services.  In doing so, United hires subcontractors to perform work.  One of these subcontractors is Defendant Luis David Hernandez Cruz.  Mr. Hernandez Cruz brought Plaintiff and those similarly situated on to the United jobsites.

9. United and Mr. Alvarez are considered employers of Plaintiff and those similarly situated

because they failed to make sure their subcontractors like Mr. Hernandez Cruz were insured business entities. Because Mr. Hernandez Cruz was not insured, the ultimate status of the employer/employee relationship resides with United and Mr. Alvarez. Further, Plaintiff and those similarly situated were required to wear uniforms of United while they worked.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action raises a federal question under the Fair Labor Standards Act.

11. This Court has jurisdiction over the State Law claim pursuant to 28 USC §1367 since it is so related to the FLSA claim that it forms part of the same case or controversy

12. This Court has personal jurisdiction over Defendants because they have offices and perform their business in the state of Florida. Additionally, the events giving rise to this litigation occurred in this District.

13. Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because Defendants transact business in this District and because the acts forming the basis of this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

A. <u>Coverage under the Fair Labor Standards Act.</u>

14. The Fair Labor Standards Act defines an "employer" as a "person" who acts directly or indirectly in the interest of an employer in relation to an employee.[1]

15. Courts have long afforded an expansive interpretation to the term "employer" to effectuate

---

[1] 29 U.S.C. § 203(d).

the broad remedial purposes of the Fair Labor Standards Act.[2]

16. Defendants were each the "employer" of Plaintiff and those similarly situated under the Fair Labor Standards Act because they were all responsible for making hourly wage payments to Plaintiff and those similarly situated for the work they performed. Moreover, Defendants each controlled the terms and conditions of employment by disbursing wages, setting work schedules, supervising conduct, reserving the right to terminate employment, and otherwise managing all conditions of employment.

17. Defendants employed more than two employees and generated more than $500,000 in gross revenue in each of the three years preceding the filing of this action. Further, Defendants have their employees work with materials that have traveled through interstate commerce while working for Defendants. As such, Defendants are subject to enterprise coverage under the Fair Labor Standards Act and is therefore bound by its terms.

18. Additionally, Plaintiff and those similarly situated are entitled to individual coverage under the FLSA as they regularly used the channels and instrumentalities of commerce in their work.

B. Coverage under Florida Law

19. Florida Statute 448.07(1) defines an employer as any person who employs two or more employees.

20. Unpaid wages means the difference between the wages actually paid to an employee and the wages required to be paid to the employee including all compensation for services performed.

---

[2] *See, e.g., Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009).

21. Plaintiff and those similarly situated were employees as they were individuals employed by an employer under the definitions of Florida Statute 448.07(1).

C. Defendant has violated the Fair Labor Standards Act

22. Plaintiff was to be paid at a rate of $20 per hour.

23. Plaintiff and those similarly situated worked approximately 50 hours per week.

24. Despite working more than 40 hours per week, Plaintiff and those similarly situated were not paid at the higher overtime rate for this extra work.

25. This practice occurred throughout Plaintiff's employment with Defendants.

26. Plaintiff worked for Defendants for approximately 12 weeks before deciding to quit due to the wage theft described below.

27. Plaintiff's overtime rate should be $30 per hour.  Over approximately 12 weeks, this comes to 120 underpaid overtime hours.  At an underpayment rate of $10, Plaintiff's owed wages is approximately $1200.00.

28. As contractors, Defendants must be and were aware of the provisions of the Fair Labor Standards Act governing overtime pay. Accordingly, they were aware of their obligation to properly compensate employees for all hours worked.

29. Defendants failed to consult an attorney or an accountant to see if their overtime pay practices were consistent with the law.

30. Defendants failed to consult the Department of Labor to see if their overtime pay practices were consistent with the law.

31. Defendants' failure to pay employees at the correct rate as determined by law was willful and intentional.

32. Defendants failed to make a good faith effort to comply with the Fair Labor Standards

Act's overtime wage provisions.

33. In willfully and intentionally refusing to pay Plaintiff and those similarly situated at the overtime wage rate, Defendants violated the Fair Labor Standards Act.

34. The foregoing conduct constitutes willful violation of the Fair Labor Standards Act. Accordingly, Plaintiff and those similarly situated are entitled to recover liquidated damages in an amount equivalent to the amount of owed overtime wages, under the Fair Labor Standards Act.

D. Defendants have failed to pay earned wages violating Florida Law and Implied Contracts

35. Defendants United and Mr. Hernandez Cruz failed to compensate both Plaintiff and other similarly situated employees for all of their hours worked.

36. Specifically, Plaintiff and those similarly situated were not paid for their last week of work between July 26 and July 30 2021.

37. All workers, including Plaintiff, entered into implied contracts with Defendants by agreeing to work for Defendants in exchange for agreed compensation.

38. Specifically, Plaintiff was to be paid $20 per hour.

39. Plaintiff was not paid for 33 hours of work that week after missing work on Wednesday July 28.

40. Plaintiff and those similarly situated are entitled to their earned but unpaid wages for this unpaid week of work.

41. Plaintiff is owed $XX in unpaid wages.

COLLECTIVE ACTION ALLEGATIONS

42. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants at any

time from three years prior to filing this Complaint until the entry of judgment in this case (the "Collective Action Period"), as laborers, day workers, and other comparable positions with different titles, who were hourly employees within the meaning of the FLSA and who did not receive proper overtime compensation for all hours worked (the "Collective Action Class").

43. The Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent, are presently within the sole control of the Defendants, upon information and belief, there are hundreds of potential members of the Collective Action Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

44. Plaintiff will fairly and adequately protect the interests of the Collective Action Class and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

45. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Collective Action Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

46. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and other members of the Collective Action Class are:

- Whether Defendants employed members of the Collective Action Class within the meaning of the FLSA;

- Whether Defendants compensated members of the Collective Action Class appropriately for all hours worked;

- Whether Defendants failed to pay members of the Collective Action Class the proper overtime wage rate for all of their hours worked, in violation of the FLSA and the regulations promulgated there under;

- Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

- Whether Defendants are liable for all damages claimed thereunder, including, but not limited to, unpaid wages, liquidated damages, interest, costs and disbursements, and attorneys' fees.

47. Plaintiff knows no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

CLASS REPRESENTATION ALLEGATIONS

48. Plaintiff, Dennis Aguilar, sues on his own behalf and on behalf of a class under Florida Rule of Civil Procedure 1.220(b)(1)(A) and (b)(2).

49. Plaintiff brings his Florida Law claim on behalf of all persons who were employed by Defendants United and Mr. Hernandez Cruz at anytime within the last 4 years prior to

filing this complaint, in the State of Florida, until the entry of judgment in this case (the "Class Period"), who have not been paid for all hours worked by them (the "Florida Class")

50. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of the Defendants.

51. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resource to vigorously prosecute a lawsuit in federal court against a defendant.

52. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

53. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

54. Plaintiff has the same interests in this matter as all other members of this Class and Plaintiff's claims are typical of the Class.

55. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

- Whether Defendants employed the members of the Class within the meaning of Florida Law

- Whether Defendants failed and/or refused to pay the members of the class for all of

their hours worked

- Whether Defendants are liable for all damages claimed hereunder, including, but not limited to, unpaid wages, interest, costs and disbursements, and attorney's fees; and

- Whether Defendants should be enjoined from such violations of Florida Law in the future.

COUNT I - Unpaid Overtime Wages in Violation of the FLSA against all Defendants

56. Plaintiff, on behalf of all those similarly situated, re-alleges and fully incorporates paragraphs 1-47 as if fully stated herein.

57. At all relevant times, Defendants were each an "employer" under the Fair Labor Standards Act.

58. At all relevant times, Defendants employed Plaintiff and the Collective Action Class under the Fair Labor Standards Act.

59. Plaintiff and members of the Collective Action Class are consistently required by Defendant to work more than 40 hours per week without being paid overtime wages.

60. Defendants do not pay members of the Collective Action Class at the proper overtime wage rate.

61. Accordingly, Plaintiff and members of the Collective Action Class have not received the proper compensation owed under the Fair Labor Standards Act.

62. Defendants' failure to pay Plaintiff at the minimum wage rate is a violation of 29 U.S.C. §§ 207 and 216(b).

63. Defendants willfully violated the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a) by knowingly failing to pay Plaintiff and members of the Collective Action class the proper amount of overtime wage compensation.

64. As a direct and proximate result of Defendants' repeated violations of the Fair Labor Standards Act, Plaintiff and members of the Collective Action Class have suffered, and will continue to suffer, damages.

<u>COUNT II - Unpaid Wages in Violation of Florida Law – Breach of Contract against Defendants United and Mr. Hernandez Cruz</u>

65. Plaintiff and members of the Florida Class re-allege and fully incorporate Paragraphs 1-41 and 48-55 as if fully stated here.

66. At all relevant times, Defendants were each an employer of Plaintiff and members of the Florida Class.

67. At all relevant times, Plaintiff and members of the Florida Class were employees of Defendants.

68. At all relevant times, Plaintiff and members of the Florida Class were in privity of contract with Defendants.

69. Under Florida Law, it is a breach of contract for an employer to not pay an employee for hours worked and/or compensation owed.

70. Defendants failed to pay Plaintiff and members of the Florida Class for all hours worked. This has left wages unpaid to Plaintiff and members of the Florida Class.

71. As a direct and proximate result of Defendants' breach of contract for failing to pay wages owed, Plaintiff and members of the Florida Class have suffered, and will continue to suffer, damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, members of the Collective Action Class, and members of the Florida Class prays for the following relief:

72. An order of Judgment in their favor on all applicable counts against Defendants;

73. An order of Judgment that Defendants violated the Fair Labor Standards Act by failing to compensate members of the Collective Action Class at the overtime wage rate for each hour worked over 40 in any workweek;

74. An order of Judgment that Defendants willfully violated the Fair Labor Standards Act, 29 U.S.C. § 207, and that Plaintiff and members of the Collective Class are therefore entitled to liquidated damages;

75. An order of Judgment that Defendants United and Mr. Hernandez Cruz breached their implied contracts with their employees by failing to compensate Plaintiff and members of the Florida Class for all of their hours worked;

76. An order of Judgment for owed overtime wage compensation, an equal amount as liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest, under 29 U.S.C. § 216 for Plaintiffs and members of the Collective Class;

77. An order of Judgment for owed but unpaid wages and reasonable attorney's fees and costs under Florida Statute 448.08 for Plaintiff and members of the Florida Class; and

78. Any other legal and equitable relief that this Court deems just and appropriate.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Respectfully submitted this 10th day of September 2021, by:

                                                        s/ R. Edward Rosenberg
                                                        R. Edward Rosenberg, Esquire
                                                        Fla. Bar No.: 88231
                                                        Email: rer@sorondorosenberg.com

Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
786.708.7550